**CHATAM INTERNATIONAL INCORPORATED,**
Appellant,

v.

**BODUM, INC.; "Chambord.com".**

No. 01–3422.

United States Court of Appeals, Third Circuit.

Argued July 15, 2002.

Decided July 19, 2002.

Paul M. Lewis, Argued, Joshua Sarner, Sarner & Associates, Philadelphia, PA, for Appellant.

David E. Bennett, Argued, Chad A. Schiefelbein, Vedder, Price, Kaufman & Kammholz, Chicago, IL, Barry L. Cohen, Thorp, Reed & Armstrong, Philadelphia, PA, for Appellee.

Before: McKEE, WEIS and DUHE, Circuit Judges.

OPINION OF THE COURT

MCKEE, Circuit Judge.

Chatam International Incorporated appeals the district court's grant of summary judgment in favor of Bodum, Inc. and against Chatam International on the latter's claim for trademark infringement and trademark delusion pursuant to 15 U.S.C.

§ 1125. For the reasons that follow, we will affirm.[1]

Inasmuch as we write only for the parties who are familiar with the background of this suit, we need not set forth the underlying facts or circumstances of this appeal. We have reviewed the thorough and thoughtful Memorandum which the district court filed on August 8, 2001. We believe the district court adequately explained its reasons for granting summary judgment, and we affirm the district court's grant of summary judgment substantially for the reasons set forth in that thoughtful Memorandum.

We do, however, note that at oral argument, counsel for Chatam, argued that it was not "immediately apparent" that Bodum's use of the domain name, "CHAMBORD.COM," was related to the sale or offering of coffee makers (as allowed by the 1982 Consent Decree) as opposed to the sale of coffee or tea (as prohibited under the Consent Decree). However, it is uncontested that the unambiguous text of the Consent Decree allows Bodum to use the mark, "Chambord," "in connection with the sale and offering for sale of coffee makers." The challenged use of the domain name here is clearly "in connection with the sale ... of coffee makers."

Although it can be argued that such a connection is not "immediately apparent" on the face of the domain name, the language of the Consent Decree does not require it to be. The connection to coffee makers is, immediately apparent from the web pages linked to the domain name. That is consistent with the language that the parties drafted. Although it is certainly possible that Bodum could use the mark in connection with the sale of coffee mak-

ers in a manner that would violate the Consent Decree, we do not find any such inconsistency here. Accordingly, we conclude that the district court did not err in granting summary judgment to Bodum, Inc.

---

1. The district court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We Exercise plenary review of the district court's grant of summary judgment pursuant to Fed.R.Civ.P. 56(c).